United States District Court
Southern District of Texas
**ENTERED**
December 06, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EUNICE HERNANDEZ-RUBIO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:16-234** |
| | § | **Criminal No. B:15-1169-1** |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 12, 2016, Petitioner Eunice Hernandez-Rubio filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

## I. Procedural and Factual Background

On December 28, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Hernandez-Rubio for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Hernandez-Rubio, Criminal No. 1:15-1169-1, Dkt. No. 5 (hereinafter "CR").

### A. Rearraignment

On February 5, 2016, Hernandez-Rubio appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 13.

---

[1] While the indictment alleged that Hernandez-Rubio had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

On that same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Hernandez-Rubio's plea of guilty. CR Dkt. No. 13.

**B. Sentencing**

In the final presentence report ("PSR"), Hernandez-Rubio was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 18, p. 4. Hernandez-Rubio was also assessed an additional 16-level enhancement because she had a prior felony "alien smuggling" conviction, specifically a 2015 federal conviction for conspiracy to bring in, transport, and harbor undocumented aliens within the United States. Id. Hernandez-Rubio received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Hernandez-Rubio was assessed a total offense level of 21.

Regarding her criminal history, Hernandez-Rubio had six adult criminal convictions and was assessed two criminal history points. CR Dkt. No. 18, pp. 5-7. Hernandez-Rubio was assessed an additional two criminal history points because she was on federal supervised release at the time that she committed the instant offense. Id. Thus, Hernandez-Rubio was assessed four total criminal history points, resulting in a criminal history category of III. Id. Based upon Hernandez-Rubio's offense level of 21 and criminal history category of IV, the presentence report identified a guideline sentencing range of 46 to 57 months of imprisonment. Id., p. 9.

On March 19, 2016, the District Judge adopted the Magistrate Judge's report and recommendation, accepting Hernandez-Rubio's guilty plea. CR Dkt. No. 15.

On May 6, 2016, the District Court sentenced Hernandez-Rubio to a non-Guideline sentence of 30 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 25. The judgment was entered on June 15, 2016. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Hernandez-Rubio's deadline for filing a notice of direct appeal passed on June 29, 2016. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On September 12, 2016, Hernandez-Rubio timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her motion, Hernandez-Rubio asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Hernandez-Rubio seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

3

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Hernandez-Rubio's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Hernandez-Rubio's claim.

### A. Johnson is Inapplicable

Hernandez-Rubio asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added).  The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").

While this is the theory urged by Hernandez-Rubio, none of it applies to her case. Hernandez-Rubio was not sentenced under the ACCA, which applies only to convictions for

unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, she was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 6.  Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 18.  Accordingly, the holding in <u>Johnson</u> does not directly provide Hernandez-Rubio with a vehicle for relief.

### B.  <u>Gonzalez-Longoria</u> Affords No Relief

Hernandez-Rubio makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in <u>U.S. v. Gonzalez-Longoria</u>, 813 F.3d 225 (5th Cir. 2016).  The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." <u>Gonzalez</u>, 813 F.3d at 235.  Any relief that Hernandez-Rubio may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit <u>en banc</u>.[2]

The Fifth Circuit, sitting <u>en banc</u>, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." <u>U.S. v. Gonzalez-Longoria</u>, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc).  Thus, Hernandez-Rubio finds no relief under <u>Gonzalez-</u>

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), <u>reh'g en banc ordered</u>, 815 F.3d 189.

Longoria.[3]  As discussed further below, despite Hernandez-Rubio's continued focus upon the "crime of violence" language as set forth in the ACCA and in 18 U.S.C. § 16(b), her sentence was not enhanced pursuant to either.  Instead, Hernandez-Rubio's sentence was enhanced pursuant to the term "alien smuggling offense," as defined in the sentencing guidelines.

### C.  Sentencing Guidelines Enhancement

An examination of Hernandez-Rubio's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 16 level enhancement was added to Hernandez-Rubio's offense level, because she had a prior felony conviction for an alien smuggling offense. CR Dkt. No. 18.

Hernandez-Rubio was convicted of conspiracy to bring in, transport and harbor certain aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A), in 2015. CR Dkt. No. 18, p. 4.  An "alien smuggling offense" is defined in the Sentencing Guidelines by reference to how the term is used in 8 U.S.C. § 1101(a)(43)(N). See Commentary on U.S.S.G. § 2L1.2.  The term "alien smuggling" as used in 8 U.S.C. § 1101(a)(43)(N) specifically references any conviction under 8 U.S.C. § 1324(a)(1)(A).  As a result, the Sentencing Guidelines and the statute both define any conviction under 8 U.S.C. § 1324(a)(1)(A) as an "alien smuggling" offense for purposes of sentencing enhancements under U.S.S.G. § 2L1.2.  Accordingly, the 16-level enhancement was proper and Hernandez-Rubio's claim is meritless.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Eunice Hernandez-Rubio's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

---

[3] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague).  The mere granting of certiorari does not relieve this Court of its responsibility to apply binding Fifth Circuit precedent.  Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Hernandez-Rubio's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Hernandez-Rubio's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 6, 2016.

Ronald G. Morgan
United States Magistrate Judge